1 | Richard S. Amador (SBN 137417)
2 | Hernaldo J. Baltodano (SBN 222286)
amador@sanchez-amador.com
baltodano@sanchez-amador.com
3 | SANCHEZ & AMADOR, LLP
660 S. Figueroa Street, Suite 2250
4 | Los Angeles, California 90017
(213) 955-7200
5 | 
Attorneys for Defendant
6 | WACHOVIA SHARED RESOURCES, LLC

7 |

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

10 | **ED CV 10 - 01551 VAP** (OPx)

11 | KIMBERLY THOMAS, an individual,   CASE NO.

12 |

13 | Plaintiff,   **DEFENDANT WACHOVIA SHARED RESOURCES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY)**

14 | v.

15 | WELLS FARGO DEALER SERVICES, INC., a California Corporation, and   [28 U.S.C. §§ 1332, 1348, 1441 and 1446]
DOES 1 through 100, inclusive,

16 |

17 | Defendants.

18 |

19 | TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

20 | THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF

21 | KIMBERLY THOMAS AND HER ATTORNEYS OF RECORD:

22 | Pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant Wachovia Shared

23 | Resources, LLC ("Wachovia" or "Defendant," erroneously sued as "Wells Fargo

24 | Dealer Services, Inc.") hereby removes the above-captioned action from the

25 | Superior Court of the State of California for the County of San Bernardino to the

26 | United States District Court, Central District of California.  The grounds for

27 | removal are stated below.

28 |

1

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

## PROCEDURAL BACKGROUND

1. On or about September 2, 2010, Plaintiff Kimberly Thomas ("Plaintiff") filed an action in the Superior Court of the State of California for San Bernardino County, Case No. CIVRS1009661, entitled *KIMBERLY THOMAS, an individual, Plaintiff vs. WELLS FARGO DEALER SERVICES, INC., a California Corporation, and DOES 1 through 100, inclusive, Defendants* (the "State Court Action").

2. Plaintiff purports to assert causes of action in the State Court Action against Wachovia for Failure to Pay Wages in a Timely Manner, Breach of Contract, Sexual Harassment, Discrimination, Failure to Prevent Discrimination, Retaliation, and Wrongful Discharge in Violation of Public Policy.

## TIMELINES OF REMOVAL

3. On September 15, 2010, Wachovia was served with copies of the (1) Summons; (2) Complaint; (3) ADR Packet; (4) ADA Information; (5) Certificate of Assignment; (6) Civil Case Cover Sheet; and (7) Notice of Case Assignment For All Purposes. True and correct copies of these documents are attached hereto as Exhibits 1 through 7.

4. Wachovia filed its Answer to Plaintiff's Complaint in the State Court Action on October 8, 2010. Wachovia also served Plaintiff with a copy of the Answer by regular mail on October 8, 2009. A true and correct copy of Defendant's Answer is attached hereto as Exhibit 8. No other process, pleadings or papers have been filed in said action and no further proceedings have been had.

5. Defendants "DOES 1 through 100, inclusive" have not been identified, nor is there any record of their having been served with the Summons or the Complaint in the State Court Action. There is likewise no record of service of any defendant other than Wachovia.

6. This removal is timely filed as required by 28 U.S.C. § 1446(b) having been accomplished within 30 days of the date of first service of the State

2

1 | Court Action on Defendant, September 15, 2010, and within one year of the date

2 | the State Court Action was filed on September 2, 2010.

3 | **DIVERSITY JURISDICTION**

4 |       7.    **Basis of Original Jurisdiction**. Defendant is entitled to remove the

5 | State Court Action on the ground that this Court has original jurisdiction in this

6 | action pursuant to 28 U.S.C. §1332 and it is an action which may be removed to

7 | this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b), because

8 | it is a civil action between citizens of different states and involves an amount in

9 | controversy that exceeds the sum of $75,000, exclusive of interest and costs as

10 | described below.

11 |       8.    **Plaintiff's Citizenship**. Defendant is informed and believes, based

12 | on paragraph 1 of Plaintiff's Complaint that Plaintiff is, and was at the time of

13 | filing her Complaint, a citizen of the State of California.

14 |       9.    **Defendant Wells Fargo's Citizenship**. At the time of the

15 | commencement of the State Court Action, Wachovia was not and still is not a

16 | citizen of California. Wachovia is incorporated under the laws of the state of

17 | Delaware and has its principal place of business in Charlotte, North Carolina. The

18 | only defendant served in this action is represented by the undersigned, who

19 | certifies under Rule 11 of the Federal Rules of Civil Procedure that the foregoing is

20 | true and correct.

21 |       10.    **Amount in Controversy**. In her Complaint, Plaintiff seeks to recover

22 | "loss of wages and other economic and non-economic damages" in excess of

23 | $100,000. *See* Complaint at ¶¶ 7, 11, 15, 19, 23, 27, 31, and 36. Thus, the amount

24 | in controversy in connection with Plaintiff's claims against Defendant exceeds

25 | $75,000.

26 |       11.    **Conclusion**. Diversity of citizenship exists inasmuch as Plaintiff is a

27 | citizen of California, and Defendant is a citizen of a state other than California.

28 | Furthermore, the amount in controversy exceeds $75,000. Accordingly, this Court

3

1   has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§1332, 1441, and

2   1446, and Defendant has properly removed the State Court Action to this Court.

3         WHEREFORE, Defendant Wachovia prays that the State Court Action be

4   removed from the Superior Court of the State of California for San Bernardino

5   County to this Court.

6

7   Dated:  October 12, 2010                 Respectfully submitted,

8                                    SANCHEZ & AMADOR, LLP

9

10

11                                    Richard S. Amador

                                     Hernaldo J. Baltodano

12                                    Attorneys for Defendant

13                                    WACHOVIA SHARED

                                   RESOURCES, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT 1



CORPORATION SERVICE COMPANY*

TMM / ALL
Transmittal Number: 8008319
Date Processed: 09/16/2010

# Notice of Service of Process

| Primary Contact: | Wells Processing East<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Road<br>Suite 400<br>Wilmington, DE 19808 |
|---|---|

| | |
|---|---|
| Entity: | Wells Fargo Dealer Services, Inc.<br>Entity ID Number 2453492 |
| Entity Served: | Wells Fargo Dealer Services, Inc. |
| Title of Action: | Kimberly Thomas vs. Wells Fargo Dealer Services, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court: | San Bernardino County Superior Court, California |
| Case Number: | CIVRS1009661 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 09/15/2010 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Michael A. DesJardins<br>951-779-1501 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
WELLS FARGO DEALER SERVICES, INC., a California
Corporation, and DOES 1 through 100, inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KIMBERLY THOMAS, an individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

SEP 02 2010

BY _____
DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: San Bernardino Superior Court<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* CIVRS 1 0 0 9 6 6 7 |

8303 N. Haven Avenue
Rancho Cucamonga, CA  91730

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael A. DesJardins, DesJardins & Panitz LLP  SBN 145970  (951) 779-1501
3838 Orange Street  Riverside, CA 92501

| DATE: SEP 02 2010 | Clerk, by | TAWNY URBAN | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* WELLS FARGO DEALER SERVICES, INC., A CALIFORN CORPORATI

under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 9/15/10

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>www.CalCourtForms.com |
|---|---|---|

EXHIBIT 2

Michael A. DesJardins (SBN 145970)
Eric A. Panitz (SBN 243877)
DesJardins & Panitz LLP
3838 Orange Street
Riverside, CA 92501
T: (951) 779-1501
F: (951) 779-8379

Attorneys for Plaintiff
KIMBERLY THOMAS

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

SEP 0 2 2010

BY _Jawnyglmbah_
DEPUTY

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

KIMBERLY THOMAS, an individual,

Plaintiff,

v.

WELLS FARGO DEALER SERVICES,
INC., a California Corporation, and DOES
1 through 100, inclusive,

Defendants.

Case No.: CIVRS 1 0 8 9 6 6 7

COMPLAINT FOR:

1) WAGE AND HOUR (FAILURE TO PAY WAGES IN A TIMELY MANNER)

2) BREACH OF CONTRACT (FAILURE TO PAY BONUSES)

3) SEXUAL HARASSMENT (HOSTILE WORK ENVIRONMENT GOV'T CODE §12940(j))

4) DISCRIMINATION (GOV'T CODE §12940(a))

5) FAILURE TO PREVENT DISCRIMINATION (GOV'T CODE §12940(k))

6) RETALIATION (GOV'T CODE §12940(h))

7) WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

DEMAND FOR JURY TRIAL

## GENERAL ALLEGATIONS

COMPLAINT FOR DAMAGES

- 1 -

1.     Plaintiff, KIMBERLY THOMAS ("THOMAS" or "Plaintiff"), is, and all times herein mentioned was, an individual residing in the County of San Bernardino, State of California.

2.     Plaintiff is informed and believes and thereon alleges defendant WELLS FARGO DEALER SERVICES, INC., ("WELLS FARGO" or "Defendant"), is a California Corporation, organized and existing under the laws of the State of California and doing business in the County of San Bernardino. WELLS FARGO, is an employer in the state of California with at least one thousand (1,000) employees. WELLS FARGO is subject to suit under the California Fair Employment and Housing Act ("FEHA"), Government Code section 12900, et seq.

3.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

4.     Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences and damages herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by defendants' acts or omissions.   At all times mentioned herein, each of the Defendants was the agent and employee of each of the other Defendants, and was, at all times herein mentioned, acting within the scope of said agency and employment.

5.     THOMAS was an employee at WELLS FARGO from November 5, 2005, until June 3, 2010, and worked as a loss recovery associate. THOMAS was earning approximately $15.78 per hour while working for WELLS FARGO.

6.     In June 2009, THOMAS began to complain about the hostile work environment based on sex, and subsequently she was harassed. THOMAS complained to her supervisor Nicole Sosa. THOMAS was subjected to sexual comments of Byron Woods and Claudia Pelayo and had to witness physical contact of a sexual nature.  Plaintiff

contends that she was not referred accounts, which were referred to Ms. Pelayo due to her sexual relationship with Mr. Woods. On June 3, 2010 THOMAS was told to leave WELLS FARGO and she was terminated on June 7, 2010. Defendants failed to pay her her final paycheck. THOMAS contends that her termination for failure to meet goals was pretext and done in retaliation for her complaints about the hostile work environment.

7.     As the result of Defendants' and each of their actions and omissions, THOMAS has suffered and continues to suffer extreme physical and emotional distress, financial hardship, wage losses, loss of benefits, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proven at trial, but in no event less than $100,000.00 dollars.

8.     THOMAS has filed a complaint with the California Department of Fair Employment and Housing, which has issued a "Right-To-Sue" letter to THOMAS, dated June 17, 2010. A true and correct copy of the "Right-To-Sue" letter is attached hereto and incorporated herein as Exhibit "A."

## FIRST CAUSE OF ACTION

### (WAGE AND HOUR (FAILURE TO PAY WAGES IN A TIMELY MANNER)) (AGAINST WELLS FARGO DEALER SERVICES, INC., AND DOES 1-100)

9.     Plaintiff re-alleges and incorporates herein by this reference as though fully set forth herein the allegations of paragraphs 1 through 8.

10.    Plaintiff is informed and believes and thereon alleges that, upon her termination defendant failed to pay all wages due and owing as required by the Labor Code section 201. As the result thereof, pursuant to California Labor Code section 203, Plaintiff is entitled to penalty wages at her regular rate until the date paid or 30 days, whichever is less. In addition, plaintiff is entitled to interest and attorney's fees pursuant to California Labor Code section 218.5.

11.    As a result of defendants' harassment as alleged above, THOMAS has suffered and continues to suffer extreme physical and emotional distress, financial hardship, wage losses, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proven at trial, but in no event less than $100,000.00 dollars.

COMPLAINT FOR DAMAGES

- 3 -

12.   In addition to the above, THOMAS has and continues to incur legal fees, costs, and other expenses in the prosecution of this matter.

## SECOND CAUSE OF ACTION

### (BREACH OF CONTRACT (FAILURE TO PAY BONUSES))
### (AGAINST WELLS FARGO DEALER SERVICES, INC., AND DOES 1-100)

13.   Plaintiff re-alleges and incorporates herein by this reference as though fully set

forth herein the allegations of paragraphs 1 through 12.

14.   Plaintiff contends that defendant failed to pay her bonuses as due and required under her employment contract.

15.   As a result of defendants' harassment as alleged above, THOMAS has suffered and continues to suffer extreme physical and emotional distress, financial hardship, wage losses, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proven at trial, but in no event less than $100,000.00 dollars.

16.   In addition to the above, THOMAS has and continues to incur legal fees, costs, and other expenses in the prosecution of this matter.

## THIRD CAUSE OF ACTION

### (SEXUAL HARASSMENT (HOSTILE WORK ENVIRONMENT
### (GOVERNMENT CODE §12940(j))
### (AGAINST WELLS FARGO DEALER SERVICES, INC., AND DOES 1-100)

17.   Plaintiff re-alleges and incorporates herein by this reference, as though fully set forth herein, the allegations of paragraphs 1 through 16.

18.   Nicole Sosa, an employee for WELLS FARGO and/or defendants' other agents, engaged in the above-referenced actions with the intent of harassing THOMAS on account of her sex in violation of California Government Code section 12940(j)(1). The above-referenced defendants and/or the defendant's agents and supervisors knew, or should have known, of these harassing actions because THOMAS complained to her supervisors of the sexual comments being made to her. Despite its knowledge of the above-mentioned harassment and the knowledge of its supervisors and agents, WELLS FARGO failed to take immediate and appropriate corrective action to stop the harassment.

19.    As a result of defendants' harassment as alleged above, THOMAS has suffered and continues to suffer extreme physical and emotional distress, financial hardship, wage losses, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proven at trial, but in no event less than $100,000.00 dollars.

///

20.    In addition to the above, THOMAS has and continues to incur legal fees, costs, and other expenses in the prosecution of this matter.

## FOURTH CAUSE OF ACTION

### (DISCRIMINATION (GOVERNMENT CODE §12940(a))

### (AGAINST WELLS FARGO DEALER SERVICES, INC., AND DOES 1-100)

21.    Plaintiff re-alleges and incorporates herein by this reference as though fully set forth herein the allegations of paragraphs 1 through 20.

22.    Plaintiff is informed and believes and thereon alleges that her termination was motivated by her sex in violation of Government Code section 12940(a). Plaintiff is further informed and believes and thereon alleges that she suffered discriminatory compensation, terms, conditions, and/or privileges of employment on account of her physical disability in violation of Government Code section 12940(a).

23.    As a direct and proximate result of the Defendants' and each of their actions alleged herein, THOMAS has suffered and continues to suffer extreme physical and emotional distress, financial hardship, wage losses, loss of benefits, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proven at trial, but in no event less than $100,000.00 dollars.

24.    As a further direct and proximate result of Defendants' and each of their actions alleged herein, THOMAS has and continues to incur legal fees, costs, and other expenses in the prosecution of this matter.

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION (GOV'T CODE §12940(k))

### (AGAINST WELLS FARGO DEALER SERVICES, INC., AND DOES 1-100)

COMPLAINT FOR DAMAGES

25.     Plaintiff re-alleges and incorporates herein by this reference as though fully set forth herein the allegations of paragraphs 1 through 24.

26.     WELLS FARGO and/or defendant's agents engaged in the above-referenced actions with the intent of discriminating THOMAS on account of her sex in violation of Government Code section 12940(k). Despite WELLS FARGO's, knowledge of the above-mentioned discrimination and the knowledge of its agents, WELLS FARGO, failed to take all reasonable steps necessary to prevent such discrimination from occurring.

27.     As a result of Defendants' failure to take all reasonable steps necessary to prevent such discrimination from occurring as alleged above, THOMAS has suffered and continues to suffer extreme physical and emotional distress, financial hardship, wage losses, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proven at trial, but in no event less than $100,000.00 dollars.

28.     As a further direct and proximate result of Defendants' and each of their actions alleged herein, THOMAS has and continues to incur legal fees, costs, and other expenses in the prosecution of this matter.

<u>SIXTH CAUSE OF ACTION</u>

(RETALIATION (GOVT. CODE §12940(h))

(AGAINST WELLS FARGO DEALER SERVICES, INC., AND DOES 1-100)

29.     Plaintiff re-alleges and incorporates herein by this reference, as though fully set forth herein, the allegations of paragraphs 1 through 28.

30.     Defendants retaliated against Plaintiff by terminating her employment for having complained of the sexual harassment and hostile work environment.

31.     As a direct and proximate result of the Defendants' and each of their actions alleged herein, THOMAS has suffered, and continues to suffer, extreme physical and emotional distress, financial hardship, wage losses, humiliation, mental anguish, mental and physical pain,

and other damages in an amount to be proven at trial, but in no event less than $100,000.00

1  dollars.

2      32. As a further direct and proximate result of Defendants' and each of their

3  actions alleged herein, THOMAS has, and continues to incur, legal fees, costs, and other

4  expenses in the prosecution of this matter.

5            SEVENTH CAUSE OF ACTION

6      (WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY)

7      (AGAINST WELLS FARGO DEALER SERVICES, INC., AND DOES 1-100)

8      33. Plaintiff re-alleges and incorporates herein by this reference as though fully

9  set

10 forth herein the allegations of paragraphs 1 through 32.

11     34. THOMAS' termination from WELLS FARGO was a violation of substantial

12 and fundamental public policy, including but not limited to the following:

13         A. California's Fair Employment and Housing Act, Government Code

14 Section 12940(a), which reads as follows: "It shall be unlawful . . . for an employer, because

15 or the race, religious creed, color, national origin, ancestry, physical disability, physical

16 disability, medical condition, marital status, sex or sexual orientation of any person . . . to

17 discharge the person from employment"; and

18         B. California's policy against discrimination in employment.

19     35. Plaintiff is informed and believes and thereon alleges her termination was

20 motivated by her sex.

21     36. As a direct and proximate result of the Defendants' and each of their actions

22 alleged herein, including their termination of THOMAS' employment, THOMAS has

23 suffered and continues to suffer extreme physical and emotional distress, financial

24 hardship, humiliation, mental anguish, mental and physical pain, and other damages in an

25 amount to be proven at trial, but in no event less than $100,000.00 dollars.

26     37. As a further direct and proximate result of Defendants' and each of their

27 actions

28

1  alleged herein, including their termination of THOMAS' employment, THOMAS has

2  and

3  continues to incur legal fees, costs, and other expenses in the prosecution of this matter.

4        WHEREAS, Plaintiff prays for judgment on the above causes of action as follows:

5  AS TO THE FIRST, SECOND, THIRD, FOURTH, FIFTH, AND SIXTH CAUSES OF

6  ACTION:

7        1.    For loss of wages and other economic and non-economic damages in an

8  amount to be proven at trial, but in no event less than $100,000.00.

9        2.    For attorneys fees pursuant to statute;

10        3.    For costs of suit;

11        4.    For prejudgment interest;

12        5.    For such other relief as the court deems appropriate.

13  AS TO THE SEVENTH CAUSE OF ACTION:

14        1.    For loss of wages and other economic and non-economic damages in an

15  amount to be proven at trial; but in no event less than $100,000.00.

16        2.    For costs of suit;

17        3.    For prejudgment interest;

18        4.    For such other relief as the court deems appropriate.

19  Dated: August 26, 2010                    DESJARDINS & PANITZ LLP

20

21                                      By:

22                                          Michael A. DesJardins

                                           Eric A. Panitz

23                                          Attorneys for Plaintiff

                                           KIMBERLY THOMAS

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2

3  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

4

5       NOTICE IS HEREBY GIVEN that Plaintiff, KIMBERLY THOMAS hereby demands

6  trial by jury in the above entitled court.

7

8  Dated: August 24, 2010                     DESJARDINS & PANITZ, LLP

9

10                                      By:

11                                            Michael A. DesJardins
                                             Eric A. Panitz
12                                           Attorneys for Plaintiff
                                             KIMBERLY THOMAS
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

COMPLAINT FOR DAMAGES

STATE OF CALIFORNIA | State       umer Services Agency                                    ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

PHYLLIS W. CHENG, Director

2101 East 4th Street | Suite 255-B | Santa Ana | CA  92705
(714) 558-4266 | TTY (800) 700-2320 | Fax (714) 558-6461
www.dfeh.ca.gov

June 17, 2010

KINBERLY THOMAS
2764 Cincinnati St.
San Bernardino, CA  92407

RE:   E200910K1496-00-rsc
      THOMAS/WELLS FARGO DEALER SERVICES, INC.

Dear KINBERLY THOMAS:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
June 8, 2010 because an immediate right-to-sue notice was requested.  DFEH will
take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint.  The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

Steve White
District Administrator


cc:   Case File

Executive Officer
WELLS FARGO DEALER SERVICES, INC.
P.O. Box 6700
Rancho Cucamonga, CA  92407

DFEH-200-43 (06/06)

EXHIBIT 3



You Don't Have to Sue

Here Are Some Other Ways To Resolve a Civil Dispute

Presented by the
Judicial Council of California
And the
State Bar of California

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.


## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorneys' fees, and expert fees can be saved.

- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

Revised 07/14/10

- ADR can be more satisfying. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- MEDIATION

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

-3-

Revised 07/14/10

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- ARBITRATION

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- CASE EVALUATION

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Revised 07/14/10

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210, or

- Contact the local bar association, or

- Look in the Yellow Pages under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

Superior Court of California
County of San Bernardino

## CONTRACTED MEDIATION SERVICE PROVIDERS

The following mediation service providers are under contract with the County of San Bernardino to provide the listed alternate dispute resolution (ADR) services under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Landlord-tenant, Unlawful Detainer, Small Claims:*

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
City Center Building
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga CA 91730
TEL (909) 984-2254
FAX (909) 460-0274
WEB www.inmedbd.com

*Civil, family law (except custody and support):*

**Inland Valleys Justice Center**
Program Director: Kym Adams, Executive Director
415 W. Foothill Boulevard, Suite 121
Claremont CA 91711
TEL (909) 621-7450
FAX (909) 621-7479
WEB www.ivjc.org
EMAIL info@ivjc.org

-6-

EXHIBIT 4

Accommodations For Persons with Disabilities Using Court Facilities

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts, to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court rule 1.100 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the *Request for Accommodations by Persons with Disabilities* (Judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410 form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For instructions, forms, and additional information, please use the links on the right side of this page.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html. These tools convert PDF documents into either HTML or ASCII text that can then be read by many screen-reading programs.

For further information:

Jurors. Please contact the Jury Services Office at (909) 387-6244.

Others: Please contact the court's ADA Coordinator at ada.coordinator@courts.sbcounty.ca.gov.

Court employees: To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with ADA issues, refer to the Court's Intranet.

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 382-3504.

Request for Accommodation Instruction Sheet
Non Fillable Form and Rule of Court 1

Request for Accommodation Form
Fillable Version (MC-410)

Q&A on Rule of Court 1.100
Access and Fairness Advisory Flyer http://www.courtinfo.ca.gov/programs/access/documents/accfair.pdf

For Additional Information about Accessibility at the California Courts:
http://www.courtinfo.ca.gov/programs/access/accessibility.htm
http://www.courtinfo.ca.gov/selfhelp/family/speced/specedlinks.htm

EXHIBIT 5

ORIGINAL COPY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

KIMBERLY THOMAS

Case No.   CIVRS 1029667

vs.

CERTIFICATE OF ASSIGNMENT

WELLS FARGO DEALER SERVICES, INC.

---

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the   San Bernardino
District of the Superior Court under Rule 404 of this court for the checked reason:

☐ General      ☐ Collection

| | | Nature of Action | Ground |
|---|---|---|---|
| ☐ | 1 | Adoption | Petitioner resides within the district. |
| ☐ | 2 | Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3 | Contract | Performance in the district is expressly provided for. |
| ☐ | 4 | Equity | The cause of action arose within the district. |
| ☐ | 5 | Eminent Domain | The property is located within the district. |
| ☐ | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9 | Mandate | The defendant functions wholly within the district. |
| ☐ | 10 | Name Change | The petitioner resides within the district. |
| ☐ | 11 | Personal Injury | The injury occurred within the district. |
| ☐ | 12 | Personal Property | The property is located within the district. |
| ☐ | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14 | Prohibition | The defendant functions wholly within the district. |
| ☐ | 15 | Review | The defendant functions wholly within the district. |
| ☐ | 16 | Title to Real Property | The property is located within the district. |
| ☐ | 17 | Transferred Action | The lower court is located within the district. |
| ☐ | 18 | Unlawful Detainer | The property is located within the district. |
| ☐ | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20 | Other   Employment | The defendant or plaintiff resides within the district. |
| ☐ | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

WELLS FARGO DEALER SERVICES, INC.         P.O. Box 6700

<u>(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)</u>      <u>ADDRESS</u>

Rancho Cucamonga        California        92407

(CITY)           (STATE)          (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

August 26, 2010       at      Riverside        , California

Signature of Attorney/Party

13-16503-360 Rev. 10/94                                      SB-16503

EXHIBIT 6

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
— Michael A. DesJardins (SBN 145970)
DesJardins & Panitz LLP
3838 Orange Street
Riverside, CA 92501
TELEPHONE NO: (951) 779-1501    FAX NO.: (951) 779-8379
ATTORNEY FOR (Name): KIMBERLY THOMAS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO
STREET ADDRESS: 8303 N. Haven Avenue
MAILING ADDRESS: 8303 N. Haven Avenue
CITY AND ZIP CODE: Rancho Cucamonga, CA 91730
BRANCH NAME: Civil

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

SEP 0 2 2010

BY _____
                DEPUTY

CASE NAME:
KIMBERLY THOMAS V. WELLS FARGO DEAL SERVICES, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIVRS 1 0 0 9 6 6 7 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (specify): 7
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: September 1, 2010

Michael A. DesJardins
_____          _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT 7

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

RANCHO CUCAMONGA DISTRICT
8303 NORTH HAVEN AVENUE
RANCHO CUCAMONGA, CA 91730

CASE NO: CIVRS1009661

http://www.sbcounty.gov/courts

IN RE: KIMBERLY THOMAS -V- WELLS FARGO DEALER SERVICES

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE
REGARDING SERVICE OF SUMMONS AND COMPLAINT

PLEASE TAKE NOTICE, that the above-entitled case has a scheduled
Case Management Conference and an Order to Show Cause why the case
should not be dismissed for failure to serve the summons and
complaint. File your Case Management Statement with the court fifteen
(15) calendar days prior to the hearing. Failure to appear/may result
in monetary sanctions and/or dismissal of your case. THIS CASE HAS
BEEN ASSIGNED TO MARTIN A HILDRETH IN DEPARTMENT R11 FOR ALL PURPOSES.

The Order to Show Cause regarding service of summons is set:
12/02/10 at 8:30 in Department R11. If proof of
service of summons and complaint has been filed before that date, no
appearance is required at the time of the Order to Show Cause hearing.
The Case Management Conference is set: 01/28/11 at 8:30
in Department R11.

TO THE PARTY SERVED: The setting of these dates DOES NOT increase the
time you have to respond to the complaint. The time for response is
clearly stated on the Summons.

A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS
Tressa S. Kentner, Clerk of the Court
Date: 09/02/10                                    By: TAWNY URBAN
----------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:

( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(X) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 09/02/10
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 09/02/10 at Rnch Cucamonga, CA By: TAWNY URBAN

EXHIBIT 8

1  SANCHEZ & AMADOR, LLP
   Richard S. Amador, Esq. (SBN 137417)
2  Hernaldo J. Baltodano, Esq. (SBN 222286)
   660 S. Figueroa Street, Suite 2250
   Los Angeles, California 90017
3  (213) 955-7200 - Tel
   (213) 955-7201 - Fax
4
   Attorneys for Defendant
5  WACHOVIA SHARED RESOURCES, LLC

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

OCT 0 8 2010

By _____ Augey Quintero
                        Deputy

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF SAN BERNARDINO

10

11  KIMBERLY THOMAS, an individual,        CASE NO. CIVRS 1009661

12                                          Assigned to Hon. Martin A. Hildreth
              Plaintiff,
13                                          ANSWER OF DEFENDANT
         v.                                 WACHOVIA SHARED RESOURCES,
14                                          LLC TO PLAINTIFF'S UNVERIFIED
                                            COMPLAINT
15  WELLS FARGO DEALER SERVICES,
    INC., a California Corporation, and DOES 1   Complaint Filed:   September 2, 2010
16  through 100, inclusive,                      Trial Date:  None

17           Defendants.

18

19       Defendant Wachovia Shared Resources, LLC ("Wachovia" or "Defendant,"

20  erroneously sued as "Wells Fargo Dealer Services, Inc.") hereby answers the unverified

21  Complaint of Plaintiff Kimberly Thomas ("Plaintiff") on file herein by generally and

22  specifically denying each of the allegations therein pursuant to Code of Civil Procedure §

23  431.30(d). In addition, Defendant alleges the following separate affirmative defenses:

24  ///

25  ///

26  ///

27  ///

CONFORMED
COPY

1
ANSWER OF WACHOVIA SHARED RESOURCES, LLC

## FIRST AFFIRMATIVE DEFENSE

### (Binding Arbitration)

1.　Plaintiff executed a valid and binding arbitration agreement that encompasses the claims alleged in the Complaint.  Thus, Plaintiff's claims are subject to arbitration and dismissal or, alternatively, all further judicial proceedings should be stayed pending the completion of arbitration.

## SECOND AFFIRMATIVE DEFENSE

### (No Willfulness)

2.　Plaintiff cannot recover waiting time penalties because Defendant complied with Labor Code § 203 and/or any alleged late payment of wages was not willful.

## THIRD AFFIRMATIVE DEFENSE

### (Non-Performance)

3.　Plaintiff's claim for breach of contract is barred because of Plaintiff's non-performance.

## FOURTH AFFIRMATIVE DEFENSE

### (Just Cause)

4.　Plaintiff's claim for breach of contract is barred because Defendant terminated Plaintiff before Plaintiff's completion of the terms of any alleged bonus agreement and Defendant terminated Plaintiff with just cause.

## FIFTH AFFIRMATIVE DEFENSE

### (Continued Employment)

5.　Plaintiff's claim for breach of contract is barred because any alleged bonus due to Plaintiff was conditioned on Plaintiff's continued employment with Defendant.

2

1

### SIXTH AFFIRMATIVE DEFENSE

2

#### (Failure to Exhaust Administrative Remedies)

3        6.       The Complaint is barred because Plaintiff has failed to exhaust her

4    administrative remedies as required by California law including, but not limited to, those

5    prescribed by the California Fair Employment and Housing Act, California Government

6    Code § 12900, *et seq.*

7

### SEVENTH AFFIRMATIVE DEFENSE

8

#### (Failure to Mitigate Damages)

9

10        7.       Plaintiff has failed to mitigate her damages, if in fact she had any.

11   Accordingly, any damages otherwise awardable to Plaintiff should be reduced by the

12   amounts by which she could have mitigated damages but did not do so.

13

14

### EIGHTH AFFIRMATIVE DEFENSE

15

#### (Unclean Hands)

16        8.       The Complaint is barred by the doctrine of unclean hands.

17

18

### NINTH AFFIRMATIVE DEFENSE

19

#### (Laches)

20        9.       The Complaint is barred by the doctrine of laches.

21

22

### TENTH AFFIRMATIVE DEFENSE

23

#### (Legitimate Business Reasons and Necessity)

24        10.       Defendant had legitimate business reasons and needs for all of its actions

25   taken and all decisions made with respect to Plaintiff and her employment.

26

27

ANSWER OF WACHOVIA SHARED RESOURCES, LLC

## ELEVENTH AFFIRMATIVE DEFENSE
### (Legitimate Non-Discriminatory Reasons)

11.    Defendant alleges, without admitting that it engaged in or made any of the acts, conduct, or statements attributed to it in the Complaint, that any acts, conduct or statements by Defendant or anyone acting on its behalf were justified, in good faith, and for legitimate, non-discriminatory, non-retaliatory reasons that were wholly unrelated to Plaintiff's sex, or purported complaints of harassment.

## TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

12.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations including, but not limited to, Code of Civil Procedure §§ 337, 338, 339 and/or 340, and California Government Code § 12960 and/or §12965(b).

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

13.    Plaintiff's claims are barred, in whole or in part, because of her unreasonable failure to avail herself of her employer's measures to prevent and correct any alleged harassment, the use of which would have prevented the harm Plaintiff alleges that she suffered.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Prompt and Appropriate Corrective Action)

14.    Defendant took prompt and appropriate corrective action in response to any complaints or stated concerns regarding the workplace made by Plaintiff, if there were any, thereby satisfying all legal obligations Defendant had.

//
//

4

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

(After Acquired Evidence)

3

    15.    On information and belief Defendant alleges that evidence discovered

4

subsequent to Plaintiff's date of hire bars or limits any liability and/or damages in this

5

action.

6

7

## SIXTEENTH AFFIRMATIVE DEFENSE

8

(Failure to Exhaust Internal Remedies)

9

    16.    Plaintiff's claims are barred and/or estopped by Plaintiff's failure to exhaust

10

appropriate internal remedies available to her as an employee of Defendant.

11

12

## PRAYER

13

    WHEREFORE, Defendant Wachovia Shared Resources, LLC prays for judgment

14

as follows:

15

    1.    Plaintiff take nothing by her Complaint;

16

    2.    Plaintiff's Complaint be dismissed, in its entirety, with prejudice;

17

    3.    Defendant be awarded judgment in its favor against Plaintiff; and

18

    4.    Defendant be awarded its reasonable attorneys' fees and costs of suit

19

        incurred herein.

20

Dated: October 8, 2010

21

Respectfully submitted,

SANCHEZ & AMADOR, LLP

22

23

Richard S. Amador

24

Hernaldo J. Baltodano

25

Attorneys for Defendant

WACHOVIA SHARED RESOURCES,

26

LLC

27

5

## PROOF OF SERVICE
*Kimberly Thomas v. Wells Fargo Dealer Services, Inc.*
*San Bernardino County Court Case No. CIVRS 1009661*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 660 South Figueroa Street, Suite 2250, Los Angeles, California 90017.

On October 8, 2010, I served a true and correct copy of the foregoing document(s) described as:

        ANSWER OF DEFENDANT WACHOVIA SHARED RESOURCES, LLC.

on the person(s) listed below:

        Michael A. DesJardins
        Eric Panitz
        DesJardins & Panitz LLP
        3838 Orange Street
        Riverside, CA 92501

        (X)  **By First Class U.S. Mail:**  I placed a true and correct copy thereof, with first-class postage thereon fully prepaid, in the United States Mail at Los Angeles, CA.

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

        Executed on **October 8, 2010**, at Los Angeles, California.

                                                Donna Griffith

**PROOF OF SERVICE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**
*Kimberly Thomas V. Wells Fargo Dealer Services, Inc.*
Case No.

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 660 South Figueroa Street, Los Angeles, California 90017.

On the date of **October 12, 2010**, I served the foregoing document(s) described as:

**DEFENDANT WACHOVIA SHARED RESOURCES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY)**

on interested parties listed below:

> **Michael A. DesJardins**
> **Eric Panitz**
> **DesJardins & Panitz LLP**
> **3838 Orange Street**
> **Riverside, CA  92501**

**(X)    BY MAIL:**  I deposited such envelope(s) in the mail at Los Angeles, California, as follows:  I am "readily familiar" with firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**(X)    (Federal):**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **October 12, 2010**, at Los Angeles, California.

_____
Donna Griffith

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV10- 1551 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[_] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[_] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[X] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| KIMBERLY THOMAS | WACHOVIA SHARED RESOURCES, LLC, erroneously sued as "Wells Fargo Dealer Services, Inc." |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Michael A. DesJardins (SBN 145970); Eric A. Panitz (SBN 243877) 3838 Orange Street, Riverside, CA 92501 Tel: 951-779-1501 | Richard S. Amador (SBN 137417); Hernaldo J. Baltodano (SBN 222286) Sanchez & Amador, LLP 660 S. Figueroa Street, #2250, Los Angeles, CA 90017 Tel: 213-955-7200 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT:** $ 100,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removal based on diversity jurisdiction. 28 U.S.C. §§1332, 1441, and 1446

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

ED CV 10 - 01551 VAP (OPx)
CONFORMED COPY

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | North Carolina |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Ronaldo J. Lbbodano_    Date 10/12/10

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1

**PROOF OF SERVICE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**
*Kimberly Thomas V. Wells Fargo Dealer Services, Inc.*
**Case No.**

2

3

4

5  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

6       I am employed in the County of Los Angeles, State of California.  I am over
the age of 18 years and not a party to the within action; my business address is 660

7  South Figueroa Street, Los Angeles, California 90017.

8
        On the date of **October 12, 2010,** I served the foregoing document(s)
9  described as:

10       **DEFENDANTS CIVIL CASE COVER SHEET**

11  on interested parties listed below:

12       **Michael A. DesJardins**
         **Eric Panitz**
13       **DesJardins & Panitz LLP**
         **3838 Orange Street**
14       **Riverside, CA  92501**

15

16  **(X)     BY MAIL**: I deposited such envelope(s) in the mail at Los Angeles,
California, as follows:  I am "readily familiar" with firm's practice of collection
17  and processing correspondence for mailing.  It is deposited with U.S. postal service
on that same day in the ordinary course of business.  I am aware that on motion of
18  party served, service is presumed invalid if postal cancellation date or postage
meter date is more than 1 day after date of deposit for mailing in affidavit.
19

20
    **(X)     (Federal)**: I declare that I am employed in the office of a member of the bar
21  of this court at whose direction the service was made.

22
        I declare under penalty of perjury under the laws of the United States of
23  America that the foregoing is true and correct.

24
    Executed on **October 12, 2010** at Los Angeles, California.
25

26

27                                                          _____
                                                            Donna Griffith
28